UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:09CV28-3-MU

ALVIN W. HALL, )
 )
    Petitioner, )
 )
    v. ) O R D E R
 )
DAVID MITCHELL and ALVIN KELLER, )
    Respondent. )
_____)

**THIS MATTER** is before the Court on Petitioner's "Motion for Reconsideration" filed May 21, 2009 (Doc. No. 4). Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 11, 2009. By Order dated May 14, 2009, this Court dismissed Petitioner's Petition as untimely. (Doc. No. 3.) Petitioner now seeks reconsideration of that Order.

Specially, Petitioner contends that his Petition was timely filed because "the final denial of the Petitioner's motion for appropriate relief by the state courts on March 26, 2009 was upon direct review." As already discussed in this Court's May 14, 2009 Order, Petitioner is incorrect. Pursuant to the Antiterrorism and Effective Death Penalty Act (the AEDPA), Petitioner had one year from the conclusion of his direct review to file his § 2254 petition.[1] According to his Petition, Petitioner appealed his conviction to the North Carolina Court of Appeals. The Court issued an unpublished opinion on June 19, 2007 finding no error. According to his Petition, Petitioner the allowed more than a year to elapse before he began the collateral review process by

---

[1] The AEDPA also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

1

filing an MAR in the Jackson County Superior Court on November 13, 2008. As such, his habeas petition, filed in this Court, was appropriately dismissed as untimely. Petitioner may be correct that under state law, there is no limitation on when he may file a motion for appropriate relief collaterally attacking his state conviction and sentence. However, under the AEDPA, a petitioner much begin such collateral attack one year from the conclusion of direct review order to file a habeas petition in federal court pursuant to 28 U.S.C. § 2254. Here, Petitioner did not begin his collateral attack until seventeen months after his direct appeal was completed. Therefore, Petitioner's Petition was dismissed as untimely.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration (Doc. No. 4) is DENIED for the reasons stated in this Order.

**SO ORDERED.**

Signed: May 27, 2009

Graham C. Mullen
United States District Judge